ISRAEL A. POSNER, Respondent, *v.* MILTON ROSENBERG, Appellant.

First Department, April 5, 1918.

**Master and servant — action for wrongful discharge — evidence.**

Where in an action to recover damages for an alleged wrongful discharge, the defendant besides denying the discharge alleges that plaintiff voluntarily abandoned his employment; that he released defendant from the agreement of hiring in consideration of being allowed to abandon his employment; that he was incompetent, and that he obtained his employment by false representations, it is reversible error to exclude evidence contradicting the testimony of the plaintiff explaining the hostility of the defendant's workmen against him, and also evidence of defendant's workmen as to plaintiff's alleged incompetency, and as to admissions that he had resigned. The latter evidence, offered to prove defendant's defense upon the main issues, was not on a collateral issue, nor was it opinion evidence.

APPEAL by the defendant, Milton Rosenberg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of April, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of May, 1917, denying defendant's motion for a new trial made upon the minutes.

*Saul H. Immergluck,* for the appellant.

*George W. Glaze* of counsel [*Glaze & Fine,* attorneys], for the respondent.

DOWLING, J.:

This action was brought to recover damages for an alleged breach of a contract of employment, plaintiff claiming that he was wrongfully discharged by defendant. The answer, besides denying the discharge, sets up that plaintiff voluntarily abandoned his employment; that he released defendant from the agreement of hiring in consideration of being allowed to abandon his employment; that he was incompetent, as the result of which defendant's employees went on strike; and that he obtained his employment by false representations as to his experience and ability. We are of the opinion that error was

committed by the trial court in excluding the following evidence offered on defendant's behalf: (1) That of the witness Berger, to show that the same system of handling the gold used in defendant's business was continuously followed, both before and during plaintiff's employment therein and thus to contradict the testimony of plaintiff that he devised a new system for protection against the theft of precious metals, which explained the hostility against him of the workmen who had profited by the lax methods formerly in use; (2) that of nine workmen, to show the orders given by plaintiff, bearing on the issue of his alleged incompetency and to show as well admissions made by plaintiff that he had resigned from defendant's employment. This testimony was not on a collateral issue, nor was it opinion evidence, but it was offered to prove defendant's defense upon the main issues, and it should all have been received and was erroneously excluded.

The judgment and order appealed from will, therefore, be reversed, and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and DAVIS, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.